UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------------------------------------- X
AETNA LIFE INSURANCE COMPANY                                  :
                                                              :
                     Petitioner,                              :
                                                              :    Civil Action No. 3:24-cv-1461
v.                                                            :
                                                              :
BOARD OF TRUSTEES OF THE AGMA                                 :
HEALTH FUND                                                   :
                                                              :
                     Respondent.                              :    September 11, 2024
------------------------------------------------------------- X
```

### PETITION FOR ORDER TO COMPEL ARBITRATION

Petitioner Aetna Life Insurance Company ("Petitioner" or "Aetna") hereby petitions the Court to compel arbitration under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* (the "FAA"), and in accordance with a governing agreement requiring arbitration. In support, Petitioner submits the following:

### BACKGROUND

1. Respondent Board of Trustees of the AGMA Health Fund ("AGMA" or "Respondent") administers the AGMA Health Fund (the "Fund"), a multi-employer employee health and welfare benefit plan.

2. Respondent hired Aetna to provide third party administrative ("TPA") services with respect to the Fund. That relationship is governed by a Master Services Agreement between Petitioner and Respondent.

3. The operative Master Services Agreement (MSA-74290) between Petitioner and Respondent has been in effect since January 1, 2021 (the "MSA").

4. In the MSA, Respondent expressly agreed to a broad arbitration provision encompassing all controversies or claims "arising out of or relating to this Agreement or the

breach, termination, or validity thereof, except for temporary, preliminary, or permanent injunctive relief or any other form of equitable relief, shall be settled by binding arbitration in Hartford, CT, administered by the American Arbitration Association ('AAA') and conducted by a sole arbitrator in accordance with the AAA's Commercial Arbitration Rules ('Rules')." (MSA, ¶ 15 (the "Arbitration Provision").)

5. On July 9, 2024, Respondent violated its contract obligation to arbitrate disputes arising under the MSA in Connecticut. Instead, Respondent sued Aetna in federal district court in the Southern District of New York, despite the fact that the claims in its Complaint arise out of and/or relate to the MSA. *Board of Trustees of the AGMA Health Fund v. Aetna Life Insurance Company*, Case No. 1:24-cv-05168 (RA). ("S.D.N.Y. Action"). [1]

6. Having received the economic benefits of the MSA for years, Respondent cannot repudiate the arbitration requirement under that same agreement.

7. Petitioner now respectfully petitions the Court for an Order, pursuant to section 4 of the FAA, 9 U.S.C. § 4, to compel Respondent to arbitrate this dispute with Aetna.

8. In support of its Petition, Aetna will also file a supporting Memorandum of Law.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over the claims raised herein pursuant to 28 U.S.C. § 1331. The dispute underlying this Petition, i.e., the claims in Respondent's S.D.N.Y. Action, arises under the laws of the United States. Specifically, Aetna seeks to compel arbitration

---

[1] Attached to Respondent's S.D.N.Y., Action complaint was an unredacted copy of the MSA that contained nonpublic commercially sensitive and proprietary business and financial information proprietary to Aetna. This filing directly contradicted the MSA's Business Confidential Information provision. To rectify this violation, Respondent filed a motion to seal and to substitute a redacted MSA. S.D.N.Y. Action, Dkt. No. 12. Aetna will attach the redacted MSA to its Memorandum of Law.

of Respondent's claims that Aetna's performance under the MSA violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. The FAA permits Aetna, a party aggrieved by AGMA's failure, neglect, or refusal to arbitrate in accordance with the MSA, to petition this Court for an order directing that such arbitration proceed in the manner provided in the MSA. The Arbitration Provision requires AGMA to arbitrate in Hartford, Connecticut, within this Court's jurisdiction.

**PARTIES**

11. Petitioner Aetna is a Connecticut corporation with principal place of business at 151 Farmington Avenue, Hartford, Connecticut 06156.

12. Respondent Board of Trustees of the AGMA Health Fund administers the Fund and is empowered by a Trust Agreement to act on behalf of the Fund. The principal place where the Fund is administered is 305 7th Ave., Suite 2B, New York, NY 10001.

**STATEMENT OF FACTS**

13. Among other aspects of its business, Aetna offers TPA services to health and welfare benefit plans. Aetna provides an array of administrative support services and provider networks to assist in ongoing administration of the Fund.

14. The MSA between the parties defines Petitioner's full scope of duties with respect to the Fund and Respondent's corresponding responsibilities. The MSA has been effective since January 1, 2021.

15. The MSA states that it is governed by federal law and—to the extent federal law does not apply—Connecticut law. (*See* MSA, ¶ 18(E).)

16. As relevant here, Paragraph 15 of the MSA is titled "Binding Arbitration of Certain Disputes" (the "Arbitration Provision"). It states as follows:

3

> Any controversy or claim arising out of or relating to this Agreement or the breach, termination, or validity thereof, except for temporary, preliminary, or permanent injunctive relief or any other form of equitable relief, shall be settled by binding arbitration in Hartford, CT, administered by the American Arbitration Association ("AAA") and conducted by a sole arbitrator in accordance with the AAA's Commercial Arbitration Rules ("Rules"). The arbitration shall be governed by the Federal Arbitration Act, 9 U.S.C. §§ 1-16, to the exclusion of state laws inconsistent therewith or that would produce a different result, and judgment on the award rendered by the arbitrator may be entered by any court having jurisdiction thereof. Except as may be required by law or to the extent necessary in connection with a judicial challenge, or enforcement of an award, neither a party nor the arbitrator may disclose the existence, content, record or results of an arbitration. Unless otherwise agreed by the parties, fourteen (14) calendar days before the hearing, the parties will exchange and provide to the arbitrator (a) a list of witnesses they intend to call (including any experts) with a short description of the anticipated direct testimony of each witness and an estimate of the length thereof, and (b) pre-marked copies of all exhibits they intend to use at the hearing. Depositions for discovery purposes shall not be permitted. The arbitrator may award only monetary relief and is not empowered to award damages other than compensatory damages.

(MSA, ¶ 15.)

17. In the S.D.N.Y. Action, Respondent's Complaint asserts two ERISA claims arising under the MSA: (1) Breach of Fiduciary Duty (under 29 U.S.C. § 1132(a)(2)) for allegedly violating ERISA and the MSA, particularly alleging that Aetna failed to timely pay stop-loss eligible claims; and (2) Breach of Fiduciary Duty (under 29 U.S.C. § 1132(a)(3)) based on the same alleged conduct of a purported failure to timely pay stop-loss eligible claims. (Complaint at pp. 12-17.)[2]

---

[2] ERISA Sections 502(a)(2) and 502(a)(3) are located at 29 U.S.C. §§ 1132(a)(2) and 1132(a)(3), respectively. Both claims also reference ERISA Sections 409(a), 404(a)(1), 3(21) and 503, which are located at 29 U.S.C. §§ 1109(a), 1104(a)(1), 1002(21) and 1133, respectively.

18. The facts underlying the ERISA causes of action in the Complaint fall under the broad scope of the Arbitration Provision because that provision applies to all disputes, "arising out of or relating to [the MSA] or the breach, termination, or validity thereof." Each of Respondent's ERISA claims arises from Aetna's alleged acts under the MSA, under which Aetna agreed to process benefit claims.

19. Specifically, the "Claims Services" provision of the MSA states:

> Aetna shall process claims for Plan benefits incurred on or after the Effective Date using Aetna's normal claim determination, payment and audit procedures and applicable cost control standards in a manner consistent with the terms of the Plan(s), any applicable provider contract, and the Agreement. Aetna shall issue a payment of benefits and related charges on behalf of the Customer in accordance with section 5 of the Agreement, for such benefits and related charges that are determined to be payable under the Plan(s)….

20. Notwithstanding the clear terms of the MSA, Respondent sued Aetna in federal district court.

21. The broad Arbitration Provision requires that disputes concerning arbitrability of Respondent's claims must be resolved by the arbitrator in Hartford, Connecticut. The Arbitration Provision incorporates the AAA Commercial Rules of Arbitration. The AAA Commercial Rules, in turn, plainly commit the issue of arbitrability to the arbitrator:

> The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement *or to **the arbitrability of any claim or counterclaim***. AAA Commercial Rule, R-7(a) (emphasis added).

22. Even if the issue of arbitrability were for this Court to decide, all claims in the S.D.N.Y. Complaint arise out of the MSA, and therefore must be arbitrated.

23. Petitioner therefore brings this Petition to enforce the Arbitration Provision, and to remedy Respondent's violation of the MSA by filing the S.D.N.Y. Action.

24. If necessary, Aetna will request a stay in the S.D.N.Y. Action in order to allow this Court to rule on Aetna's request for relief.

## CLAIM FOR RELIEF

## COUNT I: ARBITRATION PURSUANT TO THE FEDERAL ARBITRATION ACT

25. Petitioner incorporates by reference Paragraphs 1 through 24, above.

26. The FAA applies to the MSA as a matter of law and as expressly provided in the agreement.

27. Pursuant to Section 4 of the FAA, 9 U.S.C. § 4, Aetna is entitled to an order compelling Respondent to resolve the dispute raised in the S.D.N.Y. Action through arbitration. Section 4 of the FAA, 9 U.S.C. § 4, provides in relevant part:

> A party aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

28. Aetna is aggrieved by Respondent's refusal to arbitrate under a written agreement for arbitration and, save for the arbitration agreement, the Court has jurisdiction under Title 28 of the U.S. Code, Section 1331.

29. The Arbitration Provision in the MSA is valid and enforceable under the FAA. Section 2 of the FAA, 9 U.S.C. § 2, provides in relevant part:

> A … contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

30. The Arbitration Provision is a provision in the MSA that evidences a transaction involving commerce to settle by arbitration a controversy thereafter arising under or relating to the MSA.

31. The Arbitration Provision is valid, irrevocable, and enforceable.

32. The Arbitration Provision applies to all claims asserted by Respondent in the Complaint in the S.D.N.Y. Action.

33. The Arbitration Provision contractually requires Respondent to submit all disputes, "arising out of or relating to this Agreement or the breach, termination, or validity thereof" to "be settled by binding arbitration in Hartford, CT" "except for temporary, preliminary, or permanent injunctive relief or any other form of equitable relief." (MSA, ¶ 15.)

34. The claims in Respondent's Complaint arise out of the MSA and therefore are within the scope of the Arbitration Provision.

35. Respondent has violated its contractual obligations to arbitrate its claims by filing the S.D.N.Y. Action instead of initiating arbitration in Hartford, Connecticut.

36. Aetna seeks an Order compelling Respondent to arbitrate all claims raised or that could be raised in Respondent's complaint.

WHEREFORE, Petitioner requests that the Court order the following relief:

1. An Order, pursuant to Section 4 of the FAA, 9 U.S.C. § 4, compelling Respondent to pursue in arbitration any dispute with Petitioner relating to the claims in Respondent's Complaint; and

2. Any further relief the Court deems necessary.

8

        Respectfully submitted,

        **ROBINSON & COLE LLP**

        /s/ *Theodore J. Tucci*
        Theodore J. Tucci (ct05249)
        One State Street
        Hartford, CT 06103
        (860) 275-8210
        ttucci@rc.com
        kdaly@rc.com

        THOMPSON HINE LLP
        Peter J. Kocoras
        (*pro hac vice* application forthcoming)
        Peter.Kocoras@ThompsonHine.com
        Gregory H. Berman
        (*pro hac vice* application forthcoming)
        Gregory.Berman@thompsonhine.com
        20 North Clark Street, Suite 3200
        Chicago, Illinois 60602
        (312) 998-4241

        *Attorneys for Petitioner*
        *Aetna Life Insurance Company*